UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 1 9 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

In Re Dennever Livingston, )
)
)
) Misc. Action No. 17-mc-1442 (UNA)
)

MEMORANDUM OPINION

Dennever Livingston, a federal prisoner appearing *pro se*, has filed a "Motion to Compel the United States or Its Liaison to Issue the Final Removal Order and Related Goodtime." In 1997, a jury in the U.S. District Court for the Eastern District of Virginia convicted Livingston of "conspiracy to possess with intent to distribute and to distribute marijuana, possession with intent to distribute marijuana, conspiracy to launder money, six substantive counts of money laundering, and six counts of money laundering to promote drug trafficking," the latter counts of which were subsequently vacated as "duplicitous." *United States v. Livingston*, 63 Fed. App'x 106, 107 (4th Cir. 2003) (per curiam); *see also United States v. Stewart*, 256 F.3d 231, 236 (4th Cir. 2001) (consolidated appeal). As a citizen of Jamaica, Livingston contends that his removal is imminent upon his release from custody, which he calculates to be on November 28, 2017. Mot. at 1.

The Immigration and Nationality Act states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). The Act expressly deprives the district courts of jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal

1

offense covered in section 1182(a)(2)," 8 U.S.C. § 1252(a)(2)(C), which includes "controlled substance traffick[ing]" and "money laundering," *id.* § 1182(a)(2)(C)(I). To the extent that Livingston is seeking "good conduct time necessary to perfect such removal proceedings," Mot. at 1, sentence calculations are the province of habeas corpus, which must be pursued in the federal district court capable of exercising jurisdiction over Livingston's warden in White Deer, Pennsylvania. Finding no basis to exercise jurisdiction, the court will dismiss this case. A separate order accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: July 19, 2017